MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
CARLOS DIAZ (A.K.A NOE MIRANDA),
EMMANUEL MANCILLA ROSENDO,
JOSUE RUIZ, MIGUEL TOL and MANUEL
ROMUALDO LOPEZ TAMBRIZ,
*individually and on behalf of others similarly*
*situated,*

                                *Plaintiffs*,

             -against-

PARENTS ASSOCIATION OF YESHIVA
AND MESIFTA TORAH VODAATH, INC.
(D/B/A YESHIVA TORAH VODAATH),
YESHIVA TORAH VODAATH and
NISSIM H. AHARONOF

                          *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiffs CARLOS DIAZ (A.K.A NOE MIRANDA), Emmanuel Mancilla Rosendo, Josue Ruiz, Miguel Tol and Manuel Romualdo Lopez Tambriz , individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against PARENTS ASSOCIATION OF YESHIVA AND MESIFTA TORAH VODAATH, INC. (D/B/A YESHIVA TORAH VODAATH), ("Defendant Corporation") and, YESHIVA TORAH VODAATH and NISSIM H. AHARONOF ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are former employees of Defendants PARENTS ASSOCIATION OF YESHIVA AND MESIFTA TORAH VODAATH, INC. (D/B/A YESHIVA TORAH VODAATH, YESHIVA TORAH VODAATH and NISSIM H. AHARONOF.

2.       Defendants own, operate, or control an Orthodox Jewish school located at 425 E. 9th St., Brooklyn, NY 11218 under the name Yeshiva Torah Vodaath.

3.      Upon information and belief, individual Defendant, NISSIM H. AHARONOF, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operate or operated the Orthodox Jewish school as a joint or unified enterprise.

4.      Plaintiffs were employed as cook, assistant cook, food preparers and kitchen helpers at the Orthodox Jewish School located at 425 E. 9th St., Brooklyn, NY 11218.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

8. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wage and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Orthodox Jewish School located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

14.     Plaintiff CARLOS DIAZ (A.K.A NOE MIRANDA) ( ("Plaintiff Diaz" or "Mr. Diaz ") is an adult individual residing in Kings County, New York.

15.     Plaintiff Diaz was employed by Defendants at Yeshiva Torah Vodaath from approximately January 2021 until on or about April 22, 2021.

16.     Plaintiff Emmanuel  Mancilla  Rosendo ("Plaintiff Mancilla " or "Mr. Mancilla ") is an adult individual residing in Kings County, New York.

17.     Plaintiff Mancilla  was employed by Defendants at Yeshiva Torah Vodaath from approximately September 2020 until on or about April 22, 2021.

18.     Plaintiff Josue Ruiz ("Plaintiff Ruiz" or "Mr. Ruiz") is an adult individual residing in Kings County, New York.

19.     Plaintiff Ruiz was employed by Defendants at Yeshiva Torah Vodaath from approximately August 1, 2020 until on or about April 22, 2021.

20.     Plaintiff Miguel tol ("Plaintiff Tol " or "Mr. Tol ") is an adult individual residing in Kings County, New York.

21.     Plaintiff Tol was employed by Defendants at Yeshiva Torah Vodaath from approximately April 5, 2021 until on or about April 25, 2021.

22.     Plaintiff Manuel Romualdo Lopez Tambriz ("Plaintiff Lopez" or "Mr. Lopez") is an adult individual residing in Kings County, New York.

23.     Plaintiff Lopez was employed by Defendants at Yeshiva Torah Vodaath from approximately September 1, 2019 until on or about April 22, 2021.

*Defendants*

24.     At all relevant times, Defendants owned, operated, or controlled an Orthodox Jewish School, located at 425 E. 9th St., Brooklyn, NY  11218 under the name "Yeshiva Torah Vodaath".

25.     Upon information and belief, PARENTS ASSOCIATION OF YESHIVA  AND MESIFTA TORAH VODAATH, INC.  (D/B/A YESHIVA TORAH VODAATH), is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 425 E. 9th St., Brooklyn, NY 11218.

26.     Upon information and belief, YESHIVA TORAH VODAATH), is a religious organization that is organized and exists under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 425 E. 9th St., Brooklyn, NY 11218.

27.     Defendant NISSIM H. AHARONOF is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant NISSIM H. AHARONOF is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant NISSIM H. AHARONOF possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28.     Defendants operate an Orthodox Jewish School located in the Kensington neighborhood of Brooklyn in New York City.

29.     Individual Defendant, NISSIM H. AHARONOF, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

30.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

32.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

33.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

34.     Upon information and belief, Individual Defendant NISSIM H. AHARONOF operates Defendant Corporation as either alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from , by among other things:

   a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as Corporation,

   b)  defectively forming or maintaining the corporate entities of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c)  transferring assets and debts freely as between all Defendants,

   d)  operating Defendant Corporation for his  own benefit as the sole or majority shareholder,

   e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as closed Corporation,

   f)  intermingling assets and debts of his own with Defendant Corporation,

   g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his  own interests, and

   h)  Other actions evincing a failure to adhere to the corporate form.

35.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

36.     In each year from 2019 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the Orthodox Jewish School on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

38.     Plaintiffs are former employees of Defendants who were employed as cook, assistant cook, food preparers and kitchen helpers.

39.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff CARLOS DIAZ (A.K.A NOE MIRANDA)*

40.     Plaintiff Diaz was employed by Defendants from approximately January 2021 until on or about April 22, 2021.

41.     Defendants employed Plaintiff Diaz as a food preparer.

42.     Plaintiff Diaz regularly handled goods in interstate commerce, such as Kosher food items and other supplies produced outside the State of New York.

43.     Plaintiff Diaz's work duties required neither discretion nor independent judgment.

44.     Throughout his employment with Defendants, Plaintiff Diaz regularly worked in excess of 40 hours per week.

45.     From approximately January 2021 until on or about April 22, 2021, Plaintiff Diaz worked from approximately 8:00 a.m. until on or about 5:00 p.m., Sundays through Thursdays and from approximately 8:00 a.m. until on or about 2:00 p.m., on Fridays (typically 51 hours per week).

46.     For a period of one week Every month, Plaintiff Diaz worked from approximately 8:00 a.m. until on or about 8:00 p.m., Sundays through Thursdays  and from approximately 8:00 a.m. until on or about 2:00 p.m. on Fridays (typically 66 hours per week).

47.     Throughout his employment, Defendants paid Plaintiff Diaz his wages in a combination of check and cash.

48.     From approximately January 2021 until on or about April 22, 2021, Defendants paid Plaintiff Diaz $15.00 per hour.

49.     For approximately two weeks, Defendants did not pay Plaintiff Diaz any wages for his work.

50.     Specifically, on one of these weeks, Plaintiff Diaz worked from approximately  8:00 a.m. until on or about 5:00 p.m. Sunday through Thursday and from approximately 8:00 a.m. until on or about 3:00 p.m. on Friday (52 hours), and on the other week he worked from approximately 7:00 a.m. until on or about 5:00 p.m. on Sunday and from approximately 8:00 a.m. until on or about 5:00 p.m.  Monday through Thursday ( 46 hours).

51.     Although Defendants allegedly granted Plaintiff Diaz 2 30-minute meal periods each day, Defendants interrupted  both of these meal periods after only 10 to 15 minutes and required Plaintiff Diaz to go back to work.

52.     Nevertheless, Defendants deducted a full hour of pay for each day of work from Plaintiff Diaz's weekly pay for these legally nonexistent meal periods.

53.     Plaintiff Diaz was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

54.     Defendants took improper and illegal deductions from Plaintiff Diaz's wages; specifically, Defendants deducted $15 per day from Plaintiff Diaz's weekly wages for meal breaks they did not allow him to take.

55.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Diaz regarding overtime and wages under the FLSA and NYLL.

56.     Defendants did not provide Plaintiff Diaz an accurate statement of wages, as required by NYLL 195(3).

57.     In fact, Defendants adjusted Plaintiff Diaz's paystubs so that they reflected inaccurate wages and hours worked.

58.     Defendants did not give any notice to Plaintiff Diaz, in English and in Spanish (Plaintiff Diaz's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59.     Defendants required Plaintiff Diaz to purchase "tools of the trade" with his own funds—including slip resistant shoes.

*Plaintiff Emmanuel  Mancilla  Rosendo*

60.     Plaintiff Mancilla  was employed by Defendants from approximately September 2020 until on or about April 22, 2021.

61.     Defendants employed Plaintiff Mancilla  as a kitchen helper.

62.     Plaintiff Mancilla  regularly handled goods in interstate commerce, such as kosher food items and other supplies produced outside the State of New York.

63.     Plaintiff Mancilla's work duties required neither discretion nor independent judgment.

64.     Throughout his employment with Defendants, Plaintiff Mancilla  regularly worked in excess of 40 hours per week.

65.     From approximately September 2020 until on or about April 2021, Plaintiff Mancilla worked from approximately 8:00 a.m. until on or about 5:00 p.m., Sundays through Thursdays, and from approximately 8:00 a.m. until on or about 2:00 p.m., on Fridays (typically 51 hours per week).

66.     For approximately one week each month, Plaintiff Mancilla   worked from approximately 8:00 a.m. until on or about 5:00 p.m., 5 days a week, from approximately 8:00 a.m. until on or about 2:00 p.m., 1 day a week, and from approximately 7:00 a.m. until on or about 5:00 p.m., 1 day a week (typically 61 hours per week).

67.     For approximately three weeks,  Plaintiff Mancilla  worked from approximately 8:00 a.m. until on or about 8:00 p.m., Sundays through Thursdays, and from approximately 8:00 a.m. until on or about 2:00 p.m., on Fridays  (typically 66 hours per week).

68.     Throughout his employment, Defendants paid Plaintiff Mancilla  his wages by check.

69.     From approximately September 2020 until on or about April 2021, Defendants paid Plaintiff Mancilla  $15.00 per hour.

70.     For approximately two weeks, Defendants did not pay Plaintiff Mancilla  any wages for his work.

71.     Although Defendants allegedly granted Plaintiff Mancilla 2 30-minute meal periods each day, Defendants interrupted both of these meal periods after only 10 minutes and required Plaintiff Mancilla to go back to work.

72.     Nevertheless, Defendants deducted a full hour of pay for each day of work from Plaintiff Mancilla's weekly wages for these legally nonexistent meal periods.

73.     Plaintiff Mancilla  was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

74.     Defendants took improper and illegal deductions from Plaintiff Mancilla's wages; specifically, Defendants deducted $15 per day from Plaintiff Mancilla's weekly wages for meal breaks they did not allow him to take.

75.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Mancilla  regarding overtime and wages under the FLSA and NYLL.

76.     Defendants did not provide Plaintiff Mancilla  an accurate statement of wages, as required by NYLL 195(3).

77.     In fact, Defendants adjusted Plaintiff Mancilla's paystubs so that they reflected inaccurate wages and hours worked.

78.     Defendants did not give any notice to Plaintiff Mancilla , in English and in Spanish (Plaintiff Mancilla's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Josue Ruiz*

79.     Plaintiff Ruiz was employed by Defendants from approximately August 1, 2020 until on or about April 22, 2021.

80.     Defendants employed Plaintiff Ruiz as a kitchen helper.

81.     Plaintiff Ruiz regularly handled goods in interstate commerce, such as kosher food items and other supplies produced outside the State of New York.

82.     Plaintiff Ruiz's work duties required neither discretion nor independent judgment.

83.     Throughout his employment with Defendants, Plaintiff Ruiz regularly worked in excess of 40 hours per week.

84.     From approximately August 1, 2020 until on or about April 22, 2021, Plaintiff Ruiz worked from approximately 8:00 a.m. until on or about 5:00 p.m., 3 days a week, from approximately 7:00 a.m. until on or about 5:00 p.m., 2 days a week, and from approximately 8:00 a.m. until on or about 2:00 p.m., 1 day a week (typically 53 hours per week).

85.     For a period of one week Every month, Plaintiff Ruiz worked from approximately 8:00 a.m. until on or about 8:00 p.m., Sundays through Thursdays  and from approximately 8:00 a.m. until on or about 2:00 p.m. on Fridays (typically 66 hours per week).

86.     Throughout his employment, Defendants paid Plaintiff Ruiz his wages in a combination of check and cash.

87.     From approximately August 1, 2020 until on or about April 22, 2021, Defendants paid Plaintiff Ruiz $15.00 per hour.

88.     For approximately two weeks, Defendants did not pay Plaintiff Ruiz any wages for his work.

89.     Although Defendants allegedly granted Plaintiff Ruiz 2 30-minute meal periods each day, Defendants interrupted both of these meal periods after only 10 minutes and required Plaintiff Ruiz to go back to work.

90.     Nevertheless, Defendants deducted a full hour of pay for each day of work from Plaintiff Ruiz's weekly wages for these legally nonexistent meal periods.

91.     Plaintiff Ruiz was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

92.     Defendants took improper and illegal deductions from Plaintiff Ruiz's wages; specifically, Defendants deducted $15 per day from Plaintiff Ruiz's weekly wages for meal breaks they did not allow him to take.

93.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Ruiz regarding overtime and wages under the FLSA and NYLL.

94.     Defendants did not provide Plaintiff Ruiz an accurate statement of wages, as required by NYLL 195(3).

95.     In fact, Defendants adjusted Plaintiff Ruiz's paystubs so that they reflected inaccurate wages and hours worked.

96.     Defendants did not give any notice to Plaintiff Ruiz, in English and in Spanish (Plaintiff Ruiz's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Miguel Tol*

97.     Plaintiff Tol was employed by Defendants from approximately April 5, 2021 until on or about April 22, 2021.

98.     Defendants employed Plaintiff Tol as a cook.

99.     Plaintiff Tol regularly handled goods in interstate commerce, such as Kosher food items and other supplies produced outside the State of New York.

100.    Plaintiff Tol's work duties required neither discretion nor independent judgment.

101.    Throughout his employment with Defendants, Plaintiff Tol regularly worked in excess of 40 hours per week.

102.    From approximately April 5, 2021 until on or about April 22, 2021, Plaintiff Tol worked from approximately 8:00 a.m. until on or about 5:00 p.m., Sundays through Thursdays and from approximately 8:00 a.m. until on or about 2:00 p.m., on Fridays (typically 52 hours per week).

103.    Throughout his employment, Defendants paid Plaintiff Tol his wages by check.

104.    From approximately April 5, 2021 until on or about April 22, 2021, Defendants paid Plaintiff Tol $15.00 per hour.

105.    For approximately two weeks, Defendants did not pay Plaintiff Tol any wages for his work.

106.    Although Defendants allegedly granted Plaintiff Tol 2 30-minute meal periods each day, Defendants interrupted  both of these meal periods after only 10 to 15 minutes and required Plaintiff Tol to go back to work.

107.    Nevertheless, Defendants deducted a full hour of pay for each day of work from Plaintiff Tol's weekly pay for these legally nonexistent meal periods.

108.    Plaintiff Tol was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

109.     Defendants took improper and illegal deductions from Plaintiff Tol's wages; specifically, Defendants deducted $15 per day from Plaintiff Tol's weekly wages for meal breaks they did not allow him to take.

110.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Tol regarding overtime and wages under the FLSA and NYLL.

111.     Defendants did not provide Plaintiff Tol an accurate statement of wages, as required by NYLL 195(3).

112.     In fact, Defendants adjusted Plaintiff Tol's paystubs so that they reflected inaccurate wages and hours worked.

113.     Defendants did not give any notice to Plaintiff Tol, in English and in Spanish (Plaintiff Tol's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

114.     Defendants required Plaintiff Tol to purchase "tools of the trade" with his own funds—including slip resistant shoes.

*Plaintiff Manuel Romualdo Lopez Tambriz*

115.     Plaintiff Lopez was employed by Defendants from approximately September 1, 2019 until on or about April 22, 2021.

116.     Defendants employed Plaintiff Lopez as an assistant cook and food distributor.

117.     Plaintiff Lopez regularly handled goods in interstate commerce, such as kosher food items and other supplies produced outside the State of New York.

118.     Plaintiff Lopez's work duties required neither discretion nor independent judgment.

119.     Throughout his employment with Defendants, Plaintiff Lopez regularly worked in excess of 40 hours per week.

120.     From approximately September 2019 until on or about March 2020, Plaintiff Lopez worked from approximately 8:00 a.m. until on or about 5:00 p.m., Sundays through Thursdays and from approximately 8:00 a.m. until on or about 2:00 p.m., on Fridays (typically 51 hours per week).

121.     For a period of one week Every month from approximately September 2019 until on or about March 2020,, Plaintiff Lopez worked from approximately 8:00 a.m. until on or about 8:00 p.m., Sundays through Thursdays and from approximately 8:00 a.m. until on or about 2:00 p.m. on Fridays (typically 66 hours per week).

122.     From approximately July 2020 until on or about September 1, 2020, Plaintiff Lopez worked from approximately 8:00 a.m. until on or about 7:30 p.m., Sundays through Thursdays and from approximately 8:00 a.m. until on or about 4:00 p.m., on Fridays (typically 55.5 hours per week).

123.     From approximately September 2020 until on or about April 22, 2021, Plaintiff Lopez worked from approximately 8:00 a.m. until on or about 5:00 p.m., three days a week, from approximately 8:00 a.m. until on or about 6:00 p.m. two days a week and from approximately 8:00 a.m. until on or about 2:00 p.m., on Fridays (typically 53 hours per week).

124.     For a period of one week Every month from approximately September 2020 until on or about April 22, 2021, Plaintiff Lopez worked from approximately 8:00 a.m. until on or about 8:00 p.m., Sundays through Thursdays and from approximately 8:00 a.m. until on or about 2:00 p.m. on Fridays (typically 66 hours per week).

125.     Throughout his employment ,Defendants paid Plaintiff Lopez his wages in a combination of check and cash.

126.     From approximately July 2019 until on or about September 1, 2019, Defendants paid Plaintiff Lopez a fixed salary of $500 per week.

127. From approximately September 2019 until on or about March 2020, Defendants paid Plaintiff Lopez $15.00 per hour.

128. From approximately July 2020 until on or about September 1, 2020, Defendants paid Plaintiff Lopez a fixed salary of $500 per week.

129. From approximately September 2020 until on or about April 22, 2021, Defendants paid Plaintiff Lopez $15.00 per hour.

130. For approximately two weeks, Defendants did not pay Plaintiff Lopez any wages for his work.

131. Although Defendants allegedly granted Plaintiff Lopez 2 30-minute meal periods each day, Defendants interrupted both of these meal periods after only 10 to 15 minutes and required Plaintiff Lopez to go back to work.

132. Nevertheless, Defendants deducted a full hour of pay for each day of work from Plaintiff Lopez's weekly pay for these legally nonexistent meal periods.

133. Plaintiff Lopez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

134. Defendants took improper and illegal deductions from Plaintiff Lopez's wages; specifically, Defendants deducted $15 per day from Plaintiff Lopez's weekly wages for meal breaks they did not allow him to take.

135. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Lopez regarding overtime and wages under the FLSA and NYLL.

136. Defendants did not provide Plaintiff Lopez an accurate statement of wages, as required by NYLL 195(3).

137.   In fact, Defendants adjusted Plaintiff Lopez's paystubs so that they reflected inaccurate wages and hours worked.

138.   Defendants did not give any notice to Plaintiff Lopez, in English and in Spanish (Plaintiff Lopez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

139.   At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

140.   Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

141.   Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

142.   Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

143.   Defendants' time keeping system did not reflect the actual hours that Plaintiffs worked.

144.   Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

145.     Defendants paid Plaintiffs their wages by checks which did not show the actual hours plaintiffs had worked.

146.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

147.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

148.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

149.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

150.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

151.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day,

week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

152.     Plaintiffs bring their FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA  Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA  Class Period").

153.     At all relevant times, Plaintiffs and other members of the FLSA  Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

154.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## **FIRST CAUSE OF ACTION**

### **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

155.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

156.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire

and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

157.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

158.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

159.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

160.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

161.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

162.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

163.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

164.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

165.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

166.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

167.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

168.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

169.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

170.    Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

171.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

172.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

173.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

174.    Plaintiffs were damaged in an amount to be determined at trial.

## **FIFTH CAUSE OF ACTION**

## **VIOLATION OF THE NOTICE AND RECORDKEEPING**

## **REQUIREMENTS OF THE NEW YORK LABOR LAW**

175.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

176.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

177.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## **SIXTH CAUSE OF ACTION**

## **VIOLATION OF THE WAGE STATEMENT PROVISIONS**

## **OF THE NEW YORK LABOR LAW**

178.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

179.     With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular

hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

180.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

181.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

182.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

183.     Defendants made unlawful deductions from Plaintiffs' wages; specifically. Defendants deducted $15 per day from Plaintiffs' wages for meal breaks of 15 minutes or less.

184.     The deductions made from Plaintiffs' wages were not authorized or required by law.

185.     Through their knowing and intentional efforts to take unauthorized deductions from Plaintiffs' wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

186.     Plaintiffs  were damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

187.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

188.     Defendants did not pay Plaintiffs  on a regular weekly basis, in violation of NYLL §191.

189.    Defendants are liable to each Plaintiff in an amount to be determined at trial.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)    Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime

compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs ;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs'  compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs;

(m)     Awarding Plaintiffs  damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)     Awarding Plaintiffs  damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs  liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs and the FLSA  Class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiffs and the FLSA  Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

July 21, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                    Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 23, 2021

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Emmanuel  Mancilla  Rosendo

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     23 de abril 2021

*Certified as a minority-owned business in the State of New York*

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

---------

Faillace@employmentcompliance.com

April 28, 2021

BY ELECTRONIC SIGNATURE

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    <u>Josue Ruiz</u>

Legal Representative / Abogado:   <u>Michael Faillace & Associates, P.C.</u>

Signature / Firma:                _____

Date / Fecha:                     <u>28 de Abril de 2021</u>

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 27, 2021

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Manuel Romualdo Lopez Tambriz

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     27 de abril de 2021

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                        Facsimile: (212) 317-1620
_____

Faillace@employmentcompliance.com

May 4, 2021

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Miguel Tol

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      04 de Mayo de 2021

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 26, 2021

BY HAND


TO:     Clerk of Court,


I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**


Name / Nombre:                          Carlos Diaz

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:                         Carlos

Date / Fecha:                               26 de abril de 2020