```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CARLOS DIAZ, EMMANUEL MANCILLA
ROSENDO, JOSUE RUIZ, MIGUEL TOL, and
MANUEL ROMUALDO LOPEZ TAMBRIZ,

                    Plaintiffs,              REPORT & RECCOMENDATION
                                             21 CV 4102 (KAM)(LB)
     -against-

PARENTS ASSOCIATION OF YESHIVA AND
MESIFTA TORAH VODAATH, INC., YESHIVA
TORAH VODAATH, and NISSIM H. AHARONOF,

                    Defendants.
----------------------------------------------------------------X
```

**BLOOM, United States Magistrate Judge:**

On July 21, 2021, plaintiffs filed the instant complaint alleging defendants violated their rights under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). ECF No. 1. For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that plaintiff Miguel Tol's claims should be dismissed without prejudice for failure to prosecute pursuant to Federal Rules of Civil Procedure 41(b).

## BACKGROUND

Plaintiffs' complaint alleges that they were employed by defendants as kitchen staff over various periods of time. Plaintiff Tol alleges he was employed by defendants as a cook between April 5, 2021 until on or about April 22, 2021. Compl. ¶ 97. Plaintiffs were initially represented by attorney Michael Faillace, who withdrew on November 7, 2021, the same day attorney Catalina Sojo of the firm CSM Legal P.C. filed a notice of appearance.[1] ECF Nos. 11-12.

---

[1] Attorney Bryan David Robinson had filed a notice of appearance while employed by Michael Faillace & Associates P.C., ECF No. 6, and remained on the matter as an attorney at CSM Legal P.C.

1

On July 6, 2022, Ms. Sojo moved on behalf CSM Legal P.C. to withdraw as counsel for plaintiff Miguel Tol because her office had been "unable to communicate" with plaintiff Toll. ECF No. 18. The Court denied the motion without prejudice for failure to comply with Local Civil Rule 1.4. See Electronic Order dated July 7, 2022. On July 15, 2022, counsel renewed their motion to withdraw, this time including the required information, and the Court granted counsel's request on July 18, 2022.[2] See ECF No. 21. In addition, the Court's order warned plaintiff Tol that he must retain new counsel or appear *pro se*, stating in relevant part:

> Plaintiff Tol may continue with this action by advising the Court he intends to proceed *pro se*, or else he shall retain new counsel by August 19, 2022. **If the Court does not receive notice from plaintiff Tol or his new counsel by August 19, 2022, he will be deemed to have abandoned this action.** It is plaintiff's responsibility to actively prosecute this proceeding, which seeks not only to vindicate his own rights, but also impacts the rights of the other named plaintiffs. As a result, Plaintiff Tol's failure to prosecute this proceeding threatens to cause "unnecessary cost or delay" to the adjudication and resolution of this matter in its entirety. Fed. R. Civ. P. 42(a)(3). **Plaintiff Tol is therefore warned that failure to comply with this Order shall result in dismissal of his claims.** See id.; see also Fed. R. Civ. P. 41(b).

ECF No. 21 (emphasis in the original). The Court's order also reiterated that it is plaintiff Tol's obligation to notify the Court of his correct address and that failure to do so provides a sufficient ground to dismiss his claims without prejudice. Id. The Court directed the Clerk of the Court to send a copy of the order to "Plaintiff Tol's last known address as provided by outgoing counsel[,]" which was done the next day. Id. Notwithstanding the Court's order, plaintiff Tol never contacted the Court.

On September 1, 2022, the parties—except for plaintiff Tol—reported reaching a settlement. ECF No. 22. On September 15, 2022, all plaintiffs (again, except for plaintiff Tol) moved for approval of their fully executed settlement agreement pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). ECF No. 23.

---

[2] While the Court granted the motion for CSM Legal P.C. to withdraw as plaintiff Tol's counsel, only Catalina Sojo was terminated on the docket at the time. The Court therefore orders Bryan David Robinson to be terminated to ensure the docket is accurate.

**DISCUSSION**

When a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the Court may dismiss the action pursuant to Rule 41(b). Fed. R. Civ. P. 41(b). "[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a case sua sponte for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citations omitted). While the ability of a district court to dismiss a case for failure to prosecute is "explicitly sanctioned by Rule 41(b)," the power to do so "has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (internal quotation marks omitted).

In dismissing for failure to prosecute, the Court must weigh "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).

Here, plaintiff has failed to comply with the Court's order and has not contacted the Court. The Court's order explicitly placed plaintiff on notice that if he did not appear *pro se* or retain new counsel, the Court would dismiss his claims. Furthermore, all the other parties have settled this matter. A significant motivator for defendants to settle is the promise of a prompt and complete end to litigation—a promise which plaintiff Tol's abandonment of this action denies to defendants. See Rodriguez v. Cavala Café Corp., No. 14-cv-8907 (AJN), 2016 WL 4467557, at *2 (S.D.N.Y. Aug.

22, 2016) (finding that defendants are prejudiced when a plaintiff's inaction prevents them from obtaining the "benefit of settlement").

Similarly, the Court cannot indefinitely hold plaintiff's claims open while all the other parties have settled. See Davison v. Grillo, No. 5-cv-4960 (NG)(LB), 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006) ("It is not an efficient use of the Court's or defendants' resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future."). Finally, plaintiff Tol was represented by counsel, who attempted to contact him repeatedly to no avail before moving to withdraw. Further warnings are therefore likely to be futile. In light of plaintiff's *pro se* status, I respectfully recommend his case be dismissed without prejudice.[3]

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION[4]

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: September 27, 2022
Brooklyn, New York

---

[3] Rule 41(b) dismissals can be with or without prejudice. See Greene v. New York, No. 19-cv-873(ARR)(RER), 2020 WL 2840521, at *4 (E.D.N.Y. Apr. 23, 2020) ("When imposed, the sanction of dismissal operates as an adjudication upon the merits, but may be without prejudice if so specified by the court imposing it.") (internal quotation marks omitted), report and recommendation adopted, 2020 WL 2836785 (E.D.N.Y. June 1, 2020); Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs., No. 12-CV-01005 (ER), 2014 WL 793082, at *2 (S.D.N.Y. Feb. 21, 2014) (dismissing case pursuant to Rule 41(b) without prejudice). The Court notes plaintiff's FLSA claims are not yet time barred.

[4] Although plaintiff has not provided a new address, the Clerk of Court is directed to send this Report to plaintiff's last known address.